UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| WILLIAM SCOTT HAMES, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 0: 13-111-HRW |
| | ) | |
| V. | ) | |
| | ) | |
| WARDEN MICHAEL SEPANEK, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

William Scott Hames is an inmate confined at the Federal Correctional

Institution in Ashland, Kentucky.  Proceeding without counsel, Hames has filed a

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [D. E. No. 1]

The Court conducts an initial review of habeas corpus petitions.  28 U.S.C.

§ 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir.

2011).  The Court must deny the petition "if it plainly appears from the petition and

any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules

Governing § 2254 Cases in the United States District Courts (applicable to § 2241

petitions pursuant to Rule 1(b)).  The Court evaluates Hames's petition under a more

lenient standard because he is not represented by an attorney.  *Erickson v. Pardus*,

551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the petition, the Court must deny relief because he may not pursue his claims under § 2241 and because they are substantively meritless.

I

In November and December 1989, Hames was a participant in an operation to transport large quantities of marijuana from Texas to Georgia.[1] After his arrest by undercover officers, Hames was indicted, tried and convicted in the Northern District of Georgia. However, on direct appeal the Eleventh Circuit reversed his conviction based upon the improper exclusion of evidence regarding a confidential informant's financial motive to provide inculpatory testimony against Hames. *United States v. Williams*, 954 F.3d 668, 671-73 (11th Cir. 1992).

Following remand, a second trial resulted in a mistrial, but a third trial resulted in Hames's conviction on October 23, 1992. The jury found Hames guilty of

---

[1] Because Hames's two-page petition and three-page memorandum in support [D. E. Nos. 1, 1-1] are devoid of any details regarding his trial, conviction, and sentence, the Court has referred to and takes judicial notice of materials extrinsic to the record. Records and information located on government websites are self-authenticating under Fed. R. Evid. 902. *Cf. Williams v. Long*, 585 F. Supp. 2d 679, 689 (D. Md. 2008); *Rudisill v. Drew*, No. 4:10-761-CMC-TER, 2010 WL 3222194, at *1 n.2 (D.S.C. July 21, 2010); *In re Katrina Canal Breaches Consol. Lit.*, No. 05-4182, 2008 WL 4185869, at * 2 (E.D. La. Sept. 8, 2008).

attempting to possess with intent to distribute marijuana and of conspiracy to possess with intent to distribute marijuana, both in violation of 21 U.S.C. § 846. *See Hames v. Cauley*, No. 0:08-cv-89-HRW (E.D. Ky. 2008) [D. E. Nos. 3-10, 3-11 therein]  On December 21, 1992, the trial court sentenced Hames to a 324-month term of incarceration. *United States v. Hames*, No. 2:90-cr-01-WCO-JCF-2 (N.D. Ga. 1990). The Eleventh Circuit affirmed Hames's conviction and sentence on July 31, 1995. *United States v. Williams*, 59 F.3d 1180 (11th Cir. 1995).  Hanes has sought relief from his conviction and sentence through a series of motions under 28 U.S.C. § 2255, as well as a prior § 2241 petition in this Court, without success.

## II

In his current petition, Hames indicates that the trial court enhanced his sentence for obstruction of justice and for playing a managerial role in the conspiracy. Specifically, the trial court imposed a three-level enhancement for playing a managerial role in the conspiracy and a two-level enhancement for obstruction of justice. *See Hames v. Vining*, No. 13-13637 (11th Cir. Aug. 13, 2013) [Petition for a Writ of Mandamus, p. 7 therein] Hames contends that because these enhancements were found by the court rather than by the jury, his Sixth Amendment right to a trial by jury was violated.  [D. E. No. 1, p. 2] Hames asserts that *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151 (2011) requires that his sentence be vacated.

Hames's reliance upon *Alleyne* is misplaced because in his case, the trial court

found the presence of aggravating factors to increase his sentence, but not to increase a *mandatory minimum* sentence. In *Alleyne*, the Supreme Court applied its precedent in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) to hold that if the existence of a particular fact would increase the applicable mandatory minimum federal sentence, that fact is an "element" of the crime that the jury must find beyond a reasonable doubt, overruling *Harris v. United States*, 536 U.S. 545, (2002). *Alleyne*, 133 S. Ct. at 2155. *Alleyne* is therefore irrelevant to Hames because his sentence was not based upon a mandatory minimum established by federal statute.

While couched as a claim under *Alleyne*, Hames's claim is a thinly-veiled attempt to again seek relief under *Apprendi*. However, the Sixth Circuit has repeatedly held that *Apprendi* claims are not cognizable in a habeas corpus petition under § 2241. *Barclay v. Ellis*, 77 F. App'x 302, 304 (6th Cir. 2003) ("Barclay's *Apprendi* claims do not entitle him to relief under § 2241. ... *Apprendi* does not bear on whether a defendant is innocent of a crime, but merely limits the potential punishment for it."); *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002). Further, this Court has already considered and rejected Hames's construed claims under *Apprendi*, an outcome affirmed by the Sixth Circuit on direct appeal. *Hames v. Cauley*, No. 08-cv-89-HRW, 2008 WL 3154478, at *5 (E.D. Ky. Aug. 5, 2008), *aff'd*, No. 08-6097 (6th Cir. July 28, 2009). His claim is therefore barred as an abuse of the writ. 28 U.S.C. § 2244(a); *McCleskey v. Zant*, 499 U.S. 467, 489 (1991).

Accordingly, **IT IS ORDERED** that:

1.   William Scott Hames's petition for a writ of habeas corpus [D. E. No.

1] is **DENIED**.

2.   The Court will enter an appropriate judgment.

3.   This matter is **STRICKEN** from the active docket.

This the 17th day of September, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge